(C.D. 2717)

W. G. CARROLL & Co., INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided June 21, 1966)

*W. G. Carroll* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

Before DONLON, RICHARDSON, and LANDIS, Judges

RICHARDSON, Judge: The merchandise involved in the instant protest consists of copper moulds. It is claimed that the merchandise is free of duty as American goods returned. The protest was submitted to the court upon a stipulation which reads:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the

United States, subject, to the approval of the Court, that the merchandise involved in the protest listed in the attached schedule and here in issue consists of certain Copper Molds manufactured in the United States and returned after having been exported without being advanced in value or improved in condition by any process or manufacture, or other means, and without drawback having been paid, or allowed; that the said copper molds were entered free of duty under 800.0080 TSUS as products of the United States when returned after having been exported, without having been advanced in value or improved in condition by any process of manufacture or other means while abroad, other. These molds were assessed with duty because of non-compliance with Section 10.1 of the Customs Regulations, and specifically 10.1(3) in the absence of other satisfactory evidence that they were products of the United States. Customs Form 4467 was filed with the Collector after the 90-day review period had elapsed.

IT IS FURTHER STIPULATED AND AGREED that all documents that would have been required to satisfy the Collector have been presented to the Collector and the merchandise would have been permitted free entry under 800.0080 TSUS if the documents had been presented to the Collector prior to the liquidation of the entry or the entry would have been reliquidated and free entry allowed if presented within the review period provided in Section 515 of the Tariff Act of 1930.

IT IS FURTHER STIPULATED AND AGREED that the entry papers and attached documents covered by the protest listed in the attached schedule be admitted into evidence herein and that the protest be submitted for decision on the basis of the foregoing stipulation.

Accepting this stipulation as evidence of the facts and upon the authority of section 10.112 of the Customs Regulations, we hold that the claim of the plaintiff for free entry of the involved merchandise consisting of copper moulds, as American goods returned is sustained.

Judgment will be entered accordingly.